(No. 5391)

COUNTRY MUTUAL INSURANCE COMPANY and WALTER RICHARDS and SCOTT RICHARDS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1972.*

GILLESPIE, BURKE AND GILLESPIE, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, Country Mutual Insurance Company along with Walter Richards and Scott Richards, seek to recover from the State of Illinois the sum of $704.79.

Scott A. Richards sustained damages to his automobile in the above amount and under a policy of insurance issued on August 29, 1966, to said Scott A. Richards, Country Mutual Insurance Company became obligated and paid the sum of $639.74.

The basis on which the claimant seeks to recover the amount claimed is as follows:

On or about August 29, 1966, at or near Alternate U. S. Route 30 located one-half mile west of Peck Road in Kane County, Illinois, claimant Walter Richards' car was being operated by Scott Richards.

The Illinois State Training School for Boys, operated by the State of Illinois, adjoined the highway on which the accident occurred.

The accident in question was caused by a collision between the car being driven by Scott A. Richards and a steer alleged to belong to the St. Charles Boy's School farm.

The record discloses the following facts: It was a foggy night. The car involved in the accident was being driven at approximately 55 miles per hour and the windshield wipers were not in use. The car struck an Angus steer which was upon the road and the time of the accident was about 1:00 a.m. Three other cars subsequently struck the same animal.

Ch. 8, Sec. 1, Ill.Rev.Stat., sets forth the statutory law relative to domestic animals running at large. The important part of this section is as follows:

"Provided, that no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large."

The statute is explicit in stating that the owner or keeper is obliged to establish that he used reasonable care in restricting such animals from running at large and it does not require that respondent establish anything beyond that, and specifically it does not require that respondent establish that it did not know the animal was at large.

It follows from a reading of the statute that claimants in cases such as this must prove:

1. That negligence by the claimant did not contribute to the accident;

2. That the owner of the animal had knowledge of the running at large of said animal; and,

3. That he had not used reasonable care in keeping said animal from running at large.

Respondent as a matter of defense must prove that he used reasonable care in keeping said animal from running at large.

The record further discloses the fact that at the time of the accident or shortly thereafter, there were three men in the adjoining field with flashlights who were counting the

cattle to see if the steer in question was one of theirs.

The question of the condition of the fence becomes of primary importance as to whether or not the respondent did use reasonable care in preventing animals from running at large upon the highway and as to the condition of this particular fence, the evidence is somewhat meager.

It was described as "sagging" and also "not the best fence in the world" and "I believe an animal could squeeze through." These three above statements are all the evidence there was regarding the condition of the fence except some photos that were introduced in which it was practically impossible to determine the condition of the fence.

The State did not introduce any evidence of any kind or character in defense.

1. It argued the point that the claimant was not free from contributory negligence;

2. That the claimant had failed to prove that the respondent had knowledge of the steer being upon the road; and,

3. That the claimant had failed to prove that the respondent had not used reasonable care in keeping the animal confined.

There was no evidence to show that the respondent had knowledge of the animal being at large.

Claimant cited the cases of *Fugate* vs. *Murray*, 311 Ill. App. 323 and *Guay* vs. *Neel*, 350 Ill. App. 111. In effect, these cases state very clearly that the owner of cattle would be liable if his negligence allowed the cattle to get upon the public highway and a motorist was injured. Section 1 of Chapter 8 was amended in 1931. Previous to this time, claimant only had to allege and prove that the cattle were at large and that the plaintiff was damaged as a result thereof. This was aimed at the situations where animals were

allowed to run at large upon the highways and roads of the State of Illinois.

It is respondent's contention that the legislature, by the amendment in 1931, places a burden upon the claimant to show by a preponderance of the evidence that the respondent knew the animal was at large. This claimant failed to do.

Respondent further asserts that until the claimant alleges and proves up a proper case that respondent knew the animal was at large, it is not incumbent upon respondent to embark upon the task of presenting an affirmative defense.

It appears upon a reading of the record in its entirety, that the claimant has failed to establish his case. This being the case, the question of whether or not Scott A. Richards was negligent is immaterial.

Claimant, having failed to show that the fences were not in a reasonable state of repair and that the respondent had not used reasonable care in preventing cattle from running at large, and it not being shown that respondent knew that said cattle were at large, have failed to make the proof required.

Claim denied.